IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIKTORIIA LAZAREVA,<br><br>Plaintiff,<br><br>v.<br><br>GLAPHY, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-815<br><br>(Judge Wiegand) |

**PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS OUTSIDE THE UNITED STATES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Plaintiff Viktoriia Lazareva ("Plaintiff") filed this action against 394 defendants. 234 defendants remain in the case, 232 of whom appear to be based in China, 1 of whom appears to based in Hog Kong, and 1 of whom appears to be based in Vietnam. Plaintiff now moves for alternative service as to all of the remaining defendants.

The defendants for whom Plaintiff is moving for alternative service are located outside the United States and have addresses that are unknown. (*Declaration of Stanley D. Ference III*, submitted herewith, at ¶ 5.) Based on good faith investigation, Plaintiff believes these defendants are located in either China, Hong Kong, or Vietnam. (*Id.*) Although China has objected to service by postal channels under the Hague Convention, the other countries have not. (*Id.* at 4.) Moreover, Plaintiff's research has shown that no matter what country a Defendant may be located in, the defendant's address is unknown. (*Id.* at ¶ 5.)

The Plaintiff has provided all defendants with copies of all papers in this action by email to the email address for each defendant provided by the e-commerce platforms, including the Summons, Complaint, Temporary Restraining Order, and Preliminary Injunction. (*Id.* at ¶ 2.)

Experience demonstrates that the email address that an online seller provides to the sales platform is by far the best, and typically the only, means of communicating with the online seller. (*Id.*) The Plaintiff now moves for alternative service for the defendants who remain in the case and appear to be located outside of the United States.

## ARGUMENT

Although China has objected under Article 10(a) of the Hague Service Convention to service through postal channels, neither Hong Kong or Vietnam[1] has so objected. In any event, the Hague Convention does not apply since the Plaintiff has established that the addresses of all of the remaining Defendants are not known.

### Alternate Service is Permissible as to These Defendants Because Their Addresses are Unknown, Rendering the Hague Convention Inapplicable

The United States, the People's Republic of China, Hong Kong, and Vietnam are signatories to the Hague Service Convention. (*Id.* at ¶ 3-4.) When the Hague Convention applies, service must be made under one of the manners listed in the convention, and signatories have the right to opt out of certain of the listed forms of service. However, according to Article 1 of the Hague Service Convention, "[t]his convention shall not apply where the address of the person to be served with the document is not known." *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting Hague Service Convention, art. 1). *See also BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (Hague Service Convention "shall not apply where the address of the person to be served with the

---

[1] Hong Kong has not filed any objection to service under Article 10(a). https://assets.hcch.net/docs/845a6226-b21f-4b01-ac56-8cb28bf8ce46.pdf (last visited Aug. 28, 2026). Vietnam does not object if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt. *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited Aug. 28, 2026).

document is not known"); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same).

In an effort to determine the address of each of the defendants, Plaintiff's counsel or people assisting the Plaintiff's counsel have input each available listed address for the defendants into Google Maps. Many of the listed addresses are incomplete. (*Ference Declaration*, ¶ 5.) Others are for locations where no business operates. (*Id.*) Finally, others point to different businesses apparently unconnected with the defendant. (*Id.*) None of the addresses listed by the defendants, however, returned a result consistent with the defendant operating a business at that address. (*Id.*) These results are not surprising. Counterfeiters like the defendants routinely list false information on their seller pages. (*Id.*) Accordingly, because the addresses of the defendants are unknown after reasonable due diligence, the provisions of the Hague Convention do not control and alternative service is legally permitted to accomplish service on these defendants.

Since each defendant remaining in the case previously received a copy of the Summons, Complaint, and Temporary Restraining Order by email, together with a link to the lawsuit website where additional lawsuit papers are available, Plaintiff requests that such email and website publication be deemed service of process on the remaining defendants.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant her motion for alternative service and deem service to have been made on these defendants. A proposed Order granting the requested relief is submitted herewith.

Respectfully submitted,

Dated: August 31, 2026 /s/ Stanley D. Ference III

Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff